UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                                   )
      v.                   ) CRIMINAL NO. 11-10020-DJC
                                   )
LANCE HOLLOMAN              )

**ASSENTED-TO** MOTION TO VACATE
<u>CONVICTION AND WITHDRAW PLEA</u>

Defendant, Lance Holloman, respectfully moves, under 28 U.S.C. § 2255, that this Court vacate his conviction in the instant case and allow him to withdraw his plea.

As grounds for this motion, defendant – who currently is serving a 78-month term of imprisonment as a result of this conviction – recently learned that the chemist who performed the drug analysis in this case, Annie Dookhan, has admitted to serious misconduct in connection with her work at the William A. Hinton State Laboratory in Jamaica Plain. Ms. Dookhan, who currently faces criminal charges in connection with the conduct, has admitted, <u>inter alia</u>, to: 1) failing to perform required preliminary tests; and 2) adding known controlled substances to samples that resulted in negative test results, so that they would become positive.

Ms. Dookhan was the primary chemist on all of the alleged samples at issue in the instant case. <u>See</u> drug certificates, attached hereto as Exhibit 1. Moreover, one of those certificates was issued by Ms. Dookhan even though a prior field test conducted on the drugs by the investigating agents was negative. Assistant U.S. Attorney John Wortmann has informed

undersigned counsel that there are no previously untested cocaine samples on which additional testing could be done by another chemist.[1]

Mr. Holloman asserts in an affidavit, attached hereto as Exhibit 2, that he would not have entered guilty pleas in this case had he been aware of Ms. Dookhan's misconduct. See Ferrara v. United States, 456 F.3d 278 290, 293-94 (1st Cir. 2006). Ferrara suggests that some relevant factors in assessing whether the petitioner would have entered a plea absent the misconduct are: (1)whether the newly discovered evidence would have detracted from the factual basis used to support the plea; (2) whether the evidence could have been used to impeach a witness whose credibility may have been outcome-determinative; (3)whether the evidence was cumulative of other evidence already in the defendant's possession; (4) whether the evidence would have influenced counsel's recommendation as to the desirability of accepting a particular plea bargain; and, (5) whether the value of the evidence was outweighed by the benefits of entering into the plea agreement. Ferrara, 456 F.3d at 294.

This motion is well within the one-year period of limitations set forth in 28 U.S.C. § 2255(f), as the conviction has not yet become final and the facts supporting the claim could

---

[1] There were, however, oxycodone pills seized from both a passenger in the defendant's car and the floor of the car at his December 21, 2012 arrest. The defendant has agreed to plead to a Second Superseding Information charging him with possession of those pills with intent to distribute.

not have been discovered before August 30, 2012, the date when reports of the misconduct became public.

Based on the totality of the circumstances, including the negative field test and the unavailability of any untested cocaine samples and the willingness of the defendant to plead to a Second Superseding Information charging him with possession of oxycodone with intent to distribute, the United States assents to the allowance of this motion.

LANCE HOLLOMAN
By his attorney:

/s/ Miriam Conrad

Miriam Conrad
   B.B.O. #550223
Federal Defender Office
51 Sleeper Street, Fifth Floor
Boston, MA 02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Miriam Conrad, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 27, 2012.

/s/ Miriam Conrad