UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 11-10020-DJC |
| ) | |
| LANCE HOLLOMAN   ) | |

RESPONSE TO GOVERNMENT'S MEMORANDUM
PERTAINING TO PROPOSED RE-SENTENCING

Defendant, Lance Holloman, respectfully submits this response to the Government's Memorandum Pertaining to Proposed Re-Sentencing ("Government's Memorandum"), filed on December 17.

As set forth in the Government's Memorandum, the parties will make a joint recommendation under Fed. R. Crim. P. 11(c)(1)(C) that the defendant be sentenced to time served and three years of supervised release.

Defendant objects, however, to three of the government's proposed conditions of supervised release: the requirement that the defendant abide by a curfew for a period of 12 months, the requirement that he participate in the Moral Reconation Therapy ("MRT") program, and the requirement that he abstain entirely from the consumption of alcohol.

The reasons for the defendant's opposition to these proposed conditions follow.

Proposed curfew

The government argues that a 12-month curfew is appropriate because Mr. Holloman will not be spending time in a halfway

house, due to the circumstances of his release.[1]  But had he been released at the conclusion of his original sentence, he would not have been eligible for placement in a halfway house, because he has an outstanding warrant for violation of probation.  See Presentence Report ("PSR"), ¶ 72.

At any rate, a one-year curfew does not serve the same purposes as a halfway house would.  Instead, it is a significant – and, we submit, excessive – restriction on Mr. Holloman's liberty that is not warranted by the circumstances.

If Mr. Holloman has difficulty complying with the conditions of his supervised release, his probation officer could seek the imposition of a curfew as an intermediate sanction.  But until there is an indication that such a condition is warranted, the imposition of a curfew would serve only to unduly restrict Mr. Holloman's ability to seek and obtain employment, and to successfully re-enter the community.

The implementation of evidence-based practices by the Probation Office calls for an assessment of an offender's needs that informs the conditions imposed.  The imposition of restrictive and punitive conditions before the need for them has

---

[1] The government also implies that his proposed residence is problematic, despite the fact that a Probation Officer has conducted a home visit and has approved it.  The government notes that Mr. Holloman's sister, with whom he will reside, did not respond to requests to arrange a home visit at the time of the original sentencing in 2011.  Government Memorandum at 2 n.1.  But the PSR also included information that was provided by the sister, Latoya Holloman, who described her support for him and her desire to help him "have a fresh start."  PSR at ¶¶ 100-101.

been demonstrated creates a drain on limited resources and may, in fact, be counterproductive. <u>Cf</u>. James Austin, "The Proper and Improper Use of Risk Assessment in Corrections," 16 Federal Sentencing Reporter No. 3 at 3, (February 2004) (citing unnecessary levels of supervision for low risk offenders as a threat to public safety that may increase recidivism rates).

<u>Moral Reconation Therapy ("MRT")</u>

For similar reasons, requiring MRT as a condition of supervised release is unwarranted at this point.  MRT is a form of cognitive behavioral therapy, most commonly used in the court's voluntary RESTART program.  The determination of whether such therapy would be beneficial for Mr. Holloman is one that should be made after Mr. Holloman's Probation Officer has an opportunity to conduct an assessment of Mr. Holloman's risk factors and needs.  Dr. Austin's article notes that unnecessary treatment may, like excessive supervision, be counterproductive.

<u>Prohibition on Consumption of Alcohol</u>

The conditions originally imposed included a ban on the use of any alcohol.  Mr. Holloman submits that a ban on excessive use of alcohol is more appropriate in this case.

The PSR stated that Mr. Holloman reported that he had consumed alcohol heavily in 2008.  PSR, ¶ 119.  But he also reported that his drinking tapered off gradually to the point that, in 2010, he drank only on weekends (although, he admitted, to the point of intoxication).  This indicates that he is able to

control his drinking.  Unless his conduct demonstrates otherwise, he should be permitted to drink moderately.

>
> LANCE HOLLOMAN
> By his attorney:
>
> /s/ Miriam Conrad
>
> Miriam Conrad
>   B.B.O. #550223
> Federal Defender Office
> 51 Sleeper Street, Fifth Floor
> Boston, MA 02210
> Tel: 617-223-8061

## CERTIFICATE OF SERVICE

   I, Miriam Conrad, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 20, 2012.

> /s/ Miriam Conrad